IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHELLE LYNN HERRERA**                                                         **PLAINTIFF**

v.                              **CASE NO. 4:20-CV-00759-LPR**

**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

**ORDER**

  After her claim for social security disability benefits was denied at the administrative level, Plaintiff Michelle Lynn Herrera sought judicial review of the decision in this Court.[1] Her appeal was successful, and her case was remanded to the agency for further proceedings.[2] On remand, the Social Security Administration determined that Ms. Herrera and her two children were entitled to past-due benefits.[3] Mr. Coleman now petitions the Court for an attorney's fee award pursuant to 42 U.S.C. § 406(b). He requests $40,434.75, representing 25 percent of the past-due benefits awarded to Ms. Herrera and her beneficiaries.[4] For the reasons that follow, Mr. Coleman's request is GRANTED in part. The Court finds that a § 406(b) fee award of $19,935.00 is reasonable. Because Mr. Coleman has already received $7,756.93 in fees under the Equal Access to Justice Act (EAJA),[5] the Commissioner is directed to pay Mr. Coleman the net amount of $12,178.07.

  When a social security claimant prevails in the district court, the court may allow "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the

---

[1] Compl. (Doc. 1).

[2] Order (Doc. 23); Judgment (Doc. 24).

[3] *See* Docs. 33–3, 33–4, 33–5.

[4] Pl.'s Am. Mot. for Att'y Fees (Doc. 33).

[5] 28 U.S.C. § 2412(d); *see* Order (Doc. 28).

claimant on remand.[6]  The Supreme Court explained in *Gisbrecht v. Barnhart* that this statute is designed to control contingency fee agreements between claimants and their counsel, capping attorney's fees at 25 percent of past-due benefits.[7]  But this figure represents the ceiling of available attorney's fees, not an amount that is automatically deemed reasonable.[8]  Even fee agreements that fall "[w]ithin the 25 percent boundary" must be independently assessed for reasonableness and approved by the court.[9]  The *Gisbrecht* court observed that courts may reduce an award "based on the character of the representation and the results the representative achieved."[10]  And, importantly, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order" to avoid a windfall to the claimant's attorney.[11]  To that end, the court may consider the attorney's billing records for time spent working on the case as well as the attorney's normal hourly billing rates in non-contingency cases.[12]

Here, neither the Defendant nor the Court has concerns about the quality of Mr. Coleman's representation or the results achieved in this case.[13]  Thanks in no small part to Mr. Coleman's legal work, the Commissioner moved to reverse and remand Ms. Herrera's case for further proceedings, and she ultimately prevailed in receiving benefits.[14]  Ms. Herrera agreed to pay a

---

[6] 42 U.S.C. § 406(b)(1)(A).

[7] *Gisbrecht v Barnhart*, 535 U.S. 789, 807 (2002).

[8] *See id*.

[9] *Id*.

[10] *Id*. at 808.

[11] *Id*.

[12] *Id*.

[13] See Def.'s Resp. to Pl.'s Am. Mot. for Att'y Fees (Doc. 37) at 3.  Because § 406(b) fees are paid from the social security claimant's past-due benefits, rather than from agency funds, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n.6.

[14] Def.'s Unopposed Mot. to Remand (Doc. 22).

25-percent contingency fee, and she has submitted a declaration expressing her satisfaction with Mr. Coleman's work and her belief that the requested fee is reasonable.[15]

However, after considering both the nature of the representation required of Mr. Coleman and the number of hours he spent working on this case, the Court concludes that an award of $40,434.75 would constitute a windfall. Although the Court finds no issue with Mr. Coleman's work, the totality of his federal-court representation comprised only the filing of a generic complaint, three motions for extensions of time to file a brief, and a 16-page brief on Ms. Herrera's behalf. This case was not particularly complex, the administrative transcript was not especially voluminous, and the legal issues Mr. Coleman briefed are not uncommon to social security benefits litigation. Additionally, no federal judge ever reviewed Mr. Coleman's work because the Commissioner filed an unopposed motion to remand the case to the agency. Yet Mr. Coleman seeks compensation amounting to an hourly rate of $912.70 per hour—nearly three times his typical hourly billing rate of $350.00—for the 44.3 hours he spent working on this case.[16] Applying Mr. Coleman's typical billing rate would yield a lodestar total of $15,505.00. The Court cannot help but note the disparity between the lodestar figure and the $40,434.75 that Mr. Coleman requests.

While the Court acknowledges that there is no set figure at which an attorney's fee recovery becomes a windfall, the Court concludes that the requested rate represents an "inordinately large fee" given the nature of the work performed and the hours spent on this case.[17] This conclusion accords with those in similar cases in this district.[18] A reduction is therefore warranted. Under

---

[15] *See* Att'y Fee Agreement (Doc. 33–2); Pl.'s Decl. (Doc. 33–6).

[16] *See* Billing Records (Doc. 33–1).

[17] *See Gisbrecht*, 535 U.S. at 805.

[18] *See, e.g.*, *Kertz v. Kijakazi*, Case No. 4:21-cv-00446, 2023 WL 8724050, at *2 (E.D. Ark. Dec. 18, 2023) (denying hourly rate of $960 for 25 hours of work and instead awarding $425 hourly rate); *Jones v. Berryhill*, Case No.

the facts of this particular case, the Court finds $19,935.00 to be an appropriate fee award.[19] Because Mr. Coleman has already received an EAJA fee award in this case totaling $7,756.93, the Commissioner is directed to pay to Mr. Coleman the net amount of $12,178.07.[20]  In light of this Order, Ms. Herrera's Motion for Hearing (Doc. 41) is DENIED as moot.

    IT IS SO ORDERED this 29th day of April 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

4:15-cv-00339, 2017 WL 6055660, at *1 (E.D. Ark. Nov. 6, 2017) (denying hourly rate of $640 for 20 hours of work and instead awarding $189.40 hourly rate); *Lowery v. Colvin*, Case No. 3:14-cv-00178, 2016 WL 4500507, at *2 (E.D. Ark. Aug. 26, 2016) (denying requested fee of $21,750 at an hourly rate of $638.58 and instead awarding $294 hourly rate where attorney filed a complaint, two time extension motions, and brief before agency filed unopposed motion to remand).

[19] This figure amounts to an hourly rate of $450.00, which exceeds Mr. Coleman's non-contingency billing rate by more than 20 percent.

[20] "[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.